# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| BARRY BALLARD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:17-cv-00349-TLS-SLC |
| DARYL LEWIS, *et al.*, | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

This Court has an independent obligation to ensure that subject matter jurisdiction exists in an action before it. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). This Opinion and Order summarizes the undersigned Magistrate Judge's inquiry into diversity jurisdiction in this case.

Defendants Daryl Lewis and D.O.C. Trucking, LLC (together, "Defendants"), removed this case here from the Allen Superior Court on August 15, 2017, based on diversity jurisdiction, 28 U.S.C. § 1332. (DE 1). At the preliminary pretrial conference (DE 12), the Court directed the parties to file supplemental briefs concerning the amount in controversy, which are now before the Court (DE 10; DE 11). Both parties assert in their supplemental briefs that the amount in controversy in this matter exceeds $75,000. (DE 10; DE 11). On November 9, 2017, the Court held a hearing regarding the parties' supplemental briefs. (DE 17).

Because the parties both represent that the amount in controversy exceeds $75,000, and because it is not "legally certain" that the amount in controversy is less than $75,000, the undersigned Magistrate Judge concludes that diversity jurisdiction under 28 U.S.C. § 1332 exists in this matter.

## A. Factual and Procedural Background

On April 14, 2009, Plaintiff Barry Ballard filed a complaint against Defendants in Allen Superior Court, alleging that he sustained a personal injury as a result of Defendants' negligence. (DE 5). More particularly, Ballard alleges that "a steel bar rolled off of the Defendant's truck and struck him on the head" and that as a result of the incident, he "sustained physical injuries which may be permanent" and that he "continues to suffer physical pain." (DE 5 ¶¶ 1, 4). In his complaint, Ballard seeks to recover medical expenses, lost wages, and "loss of a whole and useful life." (DE 5 ¶ 5).

On August 15, 2017, Defendants removed the case to federal court, asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (DE 1). In their Notice of Removal, Defendants state that Ballard refused to admit in response to a request for admission that his total damages in this case are less than $75,000; instead, Ballard affirmatively responded that his total damages exceed $75,000. (DE 1-1 at 1; *see* DE 15-1). A preliminary pretrial conference was held on September 27, 2017, at which the Court called for briefing on whether the amount in controversy actually exceeds $75,000. (DE 12).

In his supplemental brief filed on October 11, 2017, Ballard asserts that his "damages arising from this case, which include special damages, pain and suffering, and disfigurement, exceed $75,000.00." (DE 10 at 1). More particularly, Ballard recites:

> Plaintiff was injured on August 12, 2015, when a steel bar rolled off a semi-trailer and struck him in the head. The Plaintiff was subsequently treated at Lutheran Hospital's emergency room due to head and neck pain and underwent x-rays, CT scans, and an MRI through Lutheran Hospital. The Plaintiff has incurred special damages of roughly $10,500.00 at this time for treatment of his injuries and has suffered and continues to suffer ongoing pain. Additionally, the Plaintiff has developed a nodular bump on the

2

> top of his head where the steel bar struck him, which may be permanent.

(DE 10 at 1). In Defendants' supplemental brief also filed on October 11, 2017, Defendants state that: (1) Ballard alleges that his injury resulted in "lost wages, medical expenses, permanent physical injuries and pain and suffering"; and (2) that Ballard refused to admit that his damages were less than $75,000, indicating instead that his damages exceed $75,000. (DE 11 ¶¶ 2, 6, 7).

A hearing was held on November 9, 2017, regarding the parties' supplemental briefs. (DE 17). Ballard and his counsel appeared in person; Defendants' counsel appeared telephonically. (DE 17).

### B. Applicable Legal Standard

A defendant in state court may remove a case to a federal district court only if the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If the district court does not have jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). When ruling on a motion to remand, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," with any doubt regarding jurisdiction resolved in favor of remand. *Battle v. Countrywide Home Loans, Inc.*, No. 05 C 3022, 2005 WL 2284250, at *1 (N.D. Ill. Sept. 15, 2005) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). The burden of establishing federal jurisdiction falls on the party seeking removal. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2007); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Doe*, 985 F.2d at 911.

In this case, subject-matter jurisdiction could only be based on diversity of citizenship.

28 U.S.C. § 1332(a)(1). There is no question that the parties are diverse;[1] the only question for the Court is whether the amount in controversy exceeds $75,000. "The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." *Oshana*, 472 F.3d at 511 (citations omitted). The proponent of jurisdiction "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Id.* (citing *Meridian Sec. Ins. Co.*, 441 F.3d at 543); *see Bailey v. Conocophillips Co.*, No. 06-677-JLF, 2006 WL 3487655, at *3 (S.D. Ill. Dec. 4, 2006) ("A defendant seeking to establish jurisdiction on the basis of diversity must provide 'competent proof' that the amount in controversy exclusive of interest and costs exceeds $75,000." (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936))).

When the complaint does not establish the amount in controversy, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F.3d at 511 (citation omitted). The Seventh Circuit Court of Appeals has suggested several ways in which this may be done: "by contentions interrogatories or admissions in state court; by calculation from the complaint's allegations . . . ; by reference to the plaintiff's informal estimates or settlement demands . . . ; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Meridian Sec. Ins. Co.*, 441 F.3d at 541 (citations omitted); *see Malinowski v. Walgreen Co.*, No. 2:08-CV-173 RM, 2008 WL 2704740, at *2 (N.D. Ind. July 3,

---

[1] The parties represent that Ballard is a citizen of Indiana, that Lewis is a citizen of the state of Ohio, and that Douglas Crites, the sole member of D.O.C. Trucking, LLC, is a citizen of Ohio. (DE 11 ¶¶ 3, 4).

4

2008). "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Oshana*, 472 F.3d at 511 (citations and internal quotations marks omitted).

## C. Discussion

Ballard affirmatively represents that what he "hopes to get out of this litigation" exceeds $75,000. (DE 10; DE 15-1); *Johnson v. Fortis Ins. Co.*, No. 2:05-CV-20 PPS-PRC, 2006 WL 1707242, at *2 (N.D. Ind. June 15, 2006); *see Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("[P]art of the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands."). When determining the amount in controversy, "[t]he demonstration concerns what the plaintiff is claiming . . . , not whether plaintiff is likely to win or be awarded everything he seeks." *Brill*, 427 F.3d at 449.

In a request for admission, Defendants asked Ballard to admit that his total claimed damages do not exceed $75,000. (DE 1-1; DE 15-1). Ballard denied this request and affirmatively responded that his "damages do exceed $75,000.00." (DE 1-1; DE 15-1). Thus, Defendants used one of the methods contemplated by the Seventh Circuit—requests for admission—to determine what Ballard seeks to recover in this case. *See Meridian Sec. Ins. Co.*, 441 F.3d at 541.

Although Ballard claims just $10,500 in medical expenses to date, he alleges that he "has suffered and continues to suffer ongoing pain" and that he "has developed a nodular lump on the top of his head where the steel bar struck him, which may be permanent." (DE 10 at 1). At the

5

hearing, Ballard and his counsel explained that the lump is tender to the touch and easily observable by others (*see* DE 10-1); Ballard often wears a hat to cover the nodule. Ballard's counsel indicated that the nodular lump is expected to be permanent unless Ballard undergoes surgery to remove it, which would likely result in more scarring and expense.

Ballard's counsel also stated at the hearing that Ballard had a neck fusion 20 years ago, which had not bothered him for 20 years. However, since the accident giving rise to this case, Ballard contends that his neck problem has reoccurred in that he has again started to experience neck pain, headaches, and radicular symptoms down his arms. He plans to seek treatment for this condition in the next month, given that he recently obtained health insurance.

In addition to recovery of past and future medical expenses, Ballard seeks damages for lost wages. Ballard's counsel stated at the hearing that Ballard was off work for a month after the accident, and that he was then laid off from his general maintenance job for eight more months, because his employer purportedly would no longer let him perform that job due to his injury. While Ballard has now returned to a different job, Ballard estimated that he lost approximately $39,000 in wages after the accident.

Ballard also seeks damages for pain and suffering, disfigurement, and loss of a whole and useful life. (DE 5; DE 10). As explained above, Ballard's counsel indicates that the nodular lump is easily observable by others (*see* DE 10-1), is tender to the touch, and impacts Ballard's daily life skills, at least to some extent. Ballard also stated that while he has now returned to work, he takes up to 16 aspirin a day to get through a workday due to his pain and other symptoms. He also stated that he very much enjoyed, and now misses, his job in general maintenance that he had at the time of the injury.

In the face of both Ballard's and Defendants' representations that Ballard seeks to recover more than $75,000 in this case, the Court cannot conclude with "legal certainty" that Ballard's claim is really for less than that amount. *See Oshana*, 472 F.3d at 511. Consequently, the undersigned Magistrate Judge finds that diversity jurisdiction exists in this action.

### *D. Conclusion*

For the foregoing reasons, the undersigned Magistrate Judge concludes that Defendants have sufficiently established that the amount in controversy at the time of removal was more than $75,000, and thus, that subject matter jurisdiction exists in this action.

SO ORDERED.

Dated this 14th day of November 2017.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge